SCANNED at PENDLETON and Emailed on
7-21-23 by *H* - 37 pages.
(date)   (initials)   (num)

# Amended
## COMPLAINT FORM
**(for filers who are prisoners without lawyers)**
(revised 4/19/2022)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA

(Full name of plaintiff(s))

Carlton Wright

_____

_____

vs

(Full name of defendant(s))

_____

Officer Dunn ,

Mark Sevier et al.

(Please see attached, for list of remaining defendants)

---

**FILED**

**07/21/2023**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Case Number:

1:23-cv-00459-TWP-MKK
_____
(To be supplied by clerk of court)

---

A.    **PARTIES:**

1.    Plaintiff is a citizen of  Carlton Wright , and is located at
(State)

P.C.F. 4490 W. Reformatory Rd. Pendleton, I.N. 46064
(Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper).

2.    Defendant COrrectional officer Dunn
(Name)

(Full name of defendants cont)

pg 1 of 1

Defendant, Jennifer French
Defendant, Major R. Davis
Defendant, Mr. Denny
Defendant, Mr. G. Pearson
Defendant, Mr. Joseph
Defendant, Lieutenant Krol
Defendant, Captain Gard


All of the above Defendants listed and mentioned, are being sued in their official and individual capacity.

(continued; Section A, Parties)
    * list of defendants, pg 1 of 3

- Defendant, Mark Sevier
(Warden) is a citizen of Indiana
and resides at (unKnown) and
worked for New Castle Corr. Fac.
1000 Van Nuys Rd. in New Castle,
Indiana  47362
- Defendant, Jennifer French
(Asst. Administrator) is a
citizen of Indiana and resides
(unKnown) and worked for New
Castle Corr. Fac. 1000 Van Nuys Rd.
in New Castle, Indiana 47362
- Defendant, Major R. Davis
(Officer, Chief of Security) is
a citizen of Indiana and
resides at (unKnown) and
worked for New Castle Corr. Fac.
1000 Van Nuys Rd. in New Castle,
Indiana 47362

(continued ; Section A, Parties)
    * list of defendants, pg 2 of 3

- Defendant, Mr. Denny (P. R.E.A.
officer) is a citizen of Indiana
and resides at (unKnown) and
worked for New Castle Corr. Fac.
1000 Van Nuys Rd. in New Castle,
Indiana 47362
- Defendant, Mr. G. Pearson
(P.R.E.A. officer) is a citizen of
Indiana and resides at (unKnown)
and worked for New Castle
Corr. Fac. 1000 Van Nuys Rd. in
New Castle, Indiana 47362
- Defendant, Mr. Joseph
(Internal Affairs officer) is
a citizen of Indiana and
resides at (unKnown) and
worked for New Castle Corr.
Fac. 1000 Van Nuys Rd. in
New Castle, Indiana 47362

(continued; Section A, Parties)
     * list of defendants, pg 3 of 3

- Defendant, Lieutenant Krul
(officer) is a citizen of
Indiana and resides at
(unknown) and worked for
New Castle Corr. Fac.
1000 Van Nuys Rd. in New Castle,
Indiana  47362
- Defendant, Captain Gard
(officer) is a citizen of
Indiana and resides at
(unknown) and worked for
New Castle Corr. Fac.
1000 Van Nuys Rd. in New
Castle, Indiana  47362

is (if a person or private corporation) a citizen of ___Indiana___

(State, if known)

and (if a person) resides at ___Unknown___

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for ___New Castle Corr. Fac. 1000 Van Nuys Rd. New Castle,___

(Employer's name and address, if known) IN 4736∂

(If you need to list more defendants, use another piece of paper.)

B.    STATEMENT OF CLAIM

On the space provided on the following pages, tell:

1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

### Claim I

1. On March 18, 2021 Plaintiff Carlton Wright was being housed on M-Unit in the Annex Building at the New Castle Corr. Fac. in New Castle, Indiana.

2. On March 18, 2021 Plaintiff's cellmate (inmate Shafer) was taken temporarily to segregation. While Plaintiff's cellmate was in segregation,

→official complaint, pg 2 of 20 pgs →

defendant officer ~~Donn~~ approached inmate Shafer, and initiated and engaged in a conversation with him. Defendant Dunn told inmate Shafer that Plaintiff was a well know "prison snitch", and Plaintiff had gotten a lot of people in trouble by telling on them. Defendant Dunn encouraged and suggested to inmate Shafer to hurt Plaintiff for being a "prison snitch".

3. Upon inmate Shafer return to Plaintiff's cell, Shafer informed Plaintiff of what defendant Dunn told him.

4. Plaintiff immediately wrote and contacted the Ombudsman on Plaintiff's tablet that same day on March 18, 2021. Informing the Ombudsman of what defendant Dunn had told inmate Shafer about Plaintiff.

5. Plaintiff also filed a grievance (grievance #125710) on March 25, 2021 notifying the facility and grievance

specialist Hannah Winningham
what defendant Dunn did; and
Plaintiff requested an investiga-
tion into this matter.
6. Between the two weeks of
March 18, 2021 and April 1, 2021,
Plaintiff has also personally
talked to defendant Major R.
Davis, defendant Captain Gard,
defendant Lieutenant Krul, and
defendant Mr. Joseph concerning
defendant's Dunn actions of
telling inmates that Plaintiff
was a "prison snitch". Plaintiff
had the opportunity to speak
face to face with each afore-
mentioned defendant, because
each defendant either makes
daily or weekly/frequently
rounds on the ranges. Plaintiff
has expressed to each afore-
mentioned defendant Plaintiff's
immense fear of defendant
Dunn. Plaintiff asked each one
of them could defendant Dunn

please be kept away from Plaintiff, while Plaintiff grievance is being investigated regarding this matter. Due to Plaintiff being in fear, and possible danger of what defendant Dunn might try to do to Plaintiff in retaliation for having filed a grievance on defendant Dunn.

7. Defendant Dunn has also told multiple other inmates (besides inmate Shafer) on various occassions, that Plaintiff was a well know "prison snitch"; and also encouraged them as well to hurt Plaintiff.

8. Due to defendant telling multiple inmates that Plaintiff was a "prison snitch", it has led directly to Plaintiff being assaulted and attacked on two seperate incidents, by different inmates. One occassion Plaintiff was assaulted with a weapon; and on another

Complaint pg, 5

occassion, Plaintiff was attacked and engaged in a thirty-seven minute long fight. (Please refer to Plaintiff's pending federal case in the Southern Dist. of Indiana, Wright v. Jones 1:23-cv-00459-TWP-MKK)

9. Plaintiff have, and will continue to be in danger, and constantly have to live in fear "looking over his shoulder", due to defendant Dunn "placing a big target" on Plaintiff's back, by labelling Plaintiff a "prison snitch".

10. Defendant Dunn acted with malice, deliberate indifference and with willful and wanton disregard for Plaintiff's life, safety, and security; and a failure to protect Plaintiff. In doing so, defendant Dunn violated Plaintiff's Eighth Amendment rights under the U.S. Constitution, cruel and

Complaint pg, 6

unusual punishment.

10. Plaintiff not only suffered mental and emotional anguish, but Plaintiff also sustained multiple physical bodily injuries as well from being attacked and assaulted, on both occassions, as a result of defendant Dunn's actions.

11. Plaintiff is seeking compensatory and punitive damages in the amount of one hundred thousand dollars, for defendant Dunn violating his Eighth Amendment Rights.

Complaint pg. 7

~~excessive punishment~~.

## Claim II

1. On April 1, 2021 approximately one week after plaintiff filed a grievance on defendant Dunn. While Plaintiff was still being housed in M-unit. The C.E.R.T. (Correctional Emergency Response Team) conducted a "shakedown" of the entire M-unit. Defendant Dunn is apart of the C.E.R.T. as well as being a regular correctional officer too.

2. There were approximately thirty C.E.R.T officers present on Plaintiff's range, including defendant Dunn, defendant Cpt. Gard, defendant Lt. Krul, defendant Major R. Davis, and defendant Joseph. Inspite of the many different C.E.R.T. officers present who could have conducted Plaintiff's cell/strip search; and

Complaint pg. 8

also in spite defendant Cpt. Gard, defendant Lt. Krul, defendant Major R. Davis, and defendant Joseph all knowing Plaintiff's great fear of, and ongoing investigation with defendant Dunn. Defendant Dunn was still the officer who was allowed to personally come to conduct Plaintiff's "shake down" and strip search.

3. During Plaintiff's strip search conducted by defendant Dunn alone in the shower. Defendant Dunn verbally sexually assaulted and sexually harassed Plaintiff multiple times.

4. That same day on April 1, 2021 Plaintiff contacted the Ombudsman on his tablet, and notified them of the sexual encounter with defendant Dunn earlier that day.

5. On April 8, 2021 Plaintiff filed a grievance / P.R.E.A

Complaint pg. 9

report (grievance # 126131) on defendant Dunn regarding this incident that transpired.

6. Defendant Dunn's sexual (P.R.E.A) misconduct and actions towards Plaintiff in the shower, was done out of spite, and as an act of retaliation. For Plaintiff having filed a prior grievance on defendant Dunn for having called/labelling Plaintiff a "prison snitch". Defendant Dunn's retaliatory act, is a violation of Plaintiff's First Amendment under the U.S. Constitution.

7. Defendant Dunn's sexual P.R.E.A. actions, were also cruel and unusual, and he acted with malice, deliberate indifference and with willful and wanton disregard for the Plaintiff's life and safety. In doing so he violated the Plaintiff's Eighth Amendment

Complaint pg. 10

rights under the U.S. Constitution.
8. Defendant Gard was present on the range when this sexual verbal assault took place on Plaintiff. Defendant Cpt. Gard had an obligation and duty as defendant Dunn's superior, to intervene, prevent, and protect Plaintiff from being subjected to such cruel and unusual punishment from defendant Dunn. Defendant Cpt. Gard failed to protect Plaintiff, and acted with deliberate indifference and with willful and wanton disregard for the Plaintiff's life and safety; and allowed for defendant Dunn to retaliate towards Plaintiff. In doing so, defendant Cpt. Gard violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.
9. Defendant Lt. Krul was present on the range when this sexual verbal assault took

Complaint pg, 11

place on Plaintiff. Defendant Lt. Krul had an obligation and duty as defendant Dunn's superior, to intervene, prevent, and protect Plaintiff from being subjected to such cruel and usual punishment from defendant Dunn. Defendant Lt. Krul failed to protect Plaintiff, and acted with deliberate indifference and with willful and wanton disregard for the Plaintiff's life and safety; and allowed for defendant Dunn to retaliate towards Plaintiff. In doing so, defendant Lt. Krul violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

10. Defendant Major R. Davis was present on the range when this sexual verbal assault took place on Plaintiff. Defendant Major R. Davis had an obligation and duty as defendant Dunn's superior, to intervene, prevent, and protect Plaintiff from

Complaint pg. 12

being subjected to such cruel and unusual punishment from defendant Dunn. Defendant Major R. Davis failed to protect Plaintiff, and acted with deliberate indifference and with willful and wanton disregard for the Plaintiff's life and safety; and allowed for defendant Dunn to retaliate towards Plaintiff. In doing so, defendant Major R. Davis Violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

11. Defendant Mr. Joseph was present on the range when this sexual verbal assault took place on Plaintiff. Defendant Mr. Joseph had an obligation and duty as being the Internal Affairs investigator of the facility. To intervene, prevent, and protect Plaintiff from being subjected to such cruel and unusual punishment from defendant Dunn. Defendant Mr. Joseph failed

Complaint pg, 13

to protect Plaintiff, and acted with deliberate indifference and with willful and wanton disregard for the Plaintiff's life and safety; and allowed for defendant Dunn to retaliate towards Plaintiff. In doing so, defendant Mr. Joseph violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

12. Plaintiff suffered severe mental and emotional trauma and anguish as a result of this; and Plaintiff is now also on a heavy dose of daily psych medication, and have been medically diagnose with P.T.S.D.

13. Plaintiff is seeking compensatory and punitive damages in the amount of one hundred dollars thousand dollars against defendant Dunn, for his violation of Plaintiff's First and Eighth Amendment Rights.

Complaint pg, 14

14. Plaintiff is seeking compensatory and punitive damages in the amount of fifty thousand dollars. per each of the following defendants (defendant Cpt. Gard, defendant Lt. Krul, defendant Major R. Davis, and defendant Mr. Joseph), for their violation of Plaintiff's Eighth Amendment Rights.

## Claim III

1. On May 21, 2021 Plaintiff Carlton Wright was finally called out and interviewed by the P.R.E.A officer defendant Mr. Denny. For/regarding the P.R.E.A grievance incident that Plaintiff filed on defendant Dunn back on April 8, 2021

2. Plaintiff P.R.E.A. interview was conducted in the main big hallway by P.R.E.A officer defendant

Complaint pg, 15

Mr. Denny at the busiest time of the day, in front of everybody to see.

3. Plaintiff P.R.E.A. interview with defendant Mr. Denny was not confidential nor discreet at all, according to the prison/PREA policy. Thus allowing for everyone to know that Plaintiff filed a P.R.E.A. report on someone. The lack of privacy and the sexual verbal assault on me being taken seriously, violated the P.R.E.A confidentiality agreement.

4. Plaintiff filed a grievance (grievance # 128225) regarding this interview, and severe breach in the P.R.E.A confidentiality.

5. Due to Plaintiff solely being housed on Protective Custody. Plaintiff was grossly discriminated against by defendant Mr. Denny, and subjected to being treated vastly different then other inmates who are similiarly situated at the

Complaint pg. 16

facility. Thus resulting in Plaintiff's
P.R.E.A. confidentiality being
violated. Which is a violation of
Plaintiff's Equal Protection Law
under Plaintiff's First Amendment
Rights of the U.S. Constitution
6. Plaintiff was also exposed to
cruel and unusual punishment,
treated with deliberate
indifference, and a failure to
protect Plaintiff safety and
security (and privacy) by defendant
Mr. Denny. Which is a violation
of Plaintiff's Eighth Amendment
Rights under the U.S. Constitution.
  7. Plaintiff suffered severe
emotional and mental anguish
and trauma as a result of
Plaintiff's very personal business
being exposed to others. Which
also contributed to Plaintiff
being placed on psych medica-
tion; and diagnose with PTSD.
8. Plaintiff is seeking
compensatory and punitive
                Complaint pg, 17

damages in the amount of fifty thousand dollars from defendant Mr. Denny. For the violations of Plaintiff's First and Eighth Amendment Rights under the U.S. Constitution.

9. Defendant Mr. G. Pearson, who is the head director of the P.R.E.A. department and defendant Mr. Denny's boss. Is also responsible for violating Plaintiff's First and Eighth Amendment Rights under the U.S. Constitution. For defendant Mr. G. Pearson failing to properly train his staff accordingly, and having the correct protocols in place for inmates housed on Protective Custody. In order to protect, and adhere to the P.R.E.A confidentiality policy.

10. Defendant Jennifer French, who is the Assistant Administrator of N.C.C.F, and also the head of the Annex Building Department.

Complaint pg, 18

Is also responsible for violating Plaintiff's First and Eighth Amendment Rights under the U.S. Constitution. For defendant Jennifer French failing to properly train the staff in the P.R.E.A dept accordingly; and having the correct protocols in place for inmates that are housed on Protective Custody. In order to protect, and adhere to the P.R.E.A. confidentiality policy.

11. Defendant Sevier, who is the Warden of N.C.C.F is also responsible for violating Plaintiff's First and Eighth Amendment Rights under the U.S. Constitution. For defendant Sevier failing to properly train his staff in the P.R.E.A dept accordingly; and having the correct protocols in place for inmates that are housed on Protective Custody. In order to protect, and adhere to the P.R.E.A. confidentiality policy.

Complaint pg, 19

12. Plaintiff is seeking compensatory and punitive damages in the amount of fifty thousand dollars, per each of the following defendants (defendant G. Pearson, defendant Jennifer French, and defendant Sevier), for their violation of Plaintiff's First and Eighth Amendments.

This Amended Complaint is in compliance with case # 1:23-cv-00459-TWP-MKK Wright v. Jones, document 12 that was filed on May 4, 2023; and also document 14, that was filed on June 7, 2023.

Complaint. 20

C.    JURISDICTION

☑    I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐    I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.    RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

For Claim I, Plaintiff is seeking one hundred thousand dollars in damages for defendant Dunn. For Claim II, Plaintiff is seeking one hundred thousand dollars in damages for defendant Dunn. Plaintiff is also seeking fifty thousand dollars per each of the following defendants; defendant Cpt. Gard, defendant Lt. Krul, defendant Major R. Davis, and defendant Mr. Joseph. For Claim III, defendant is seeking fifty thousand dollars per each of the following defendants; defendants Mr. Denny, defendant G. Pearson, defendant Sevier, and defendant French.

E. JURY DEMAND

☐ Jury Demand - I want a jury to hear my case

OR

☑ Court Trial – I want a judge to hear my case

Dated this **19** day of **July** 20**23**.

Respectfully Submitted,

_Carlton Wright_
Signature of Plaintiff

**208902**
Plaintiff's Prisoner ID Number

**P.C.F 4490 W. Reformatory Rd.**
**Pendleton, I.N. 46064**
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**F. OPTIONAL CERTIFICATION**

Under penalty of perjury, I declare that the facts alleged in this complaint are true and correct to the best of my knowledge and belief.

_Carlton Wright_    Signature of Plaintiff

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☑ **I DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.